**JUDGE CONLON**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MAGISTRATE JUDGE
GERALDINE SOAT BROWN**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. **08CR 0126** |
| v. ) | |
| ) | Violation: Title 18, United States Code, |
| ) | Section 287; Title 26, United States Code |
| GREGORY B. SAMS ) | Section 7206(1) and 7203 |
| ) | |

**FILED**
J:N FEB 1 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**COUNT ONE**

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

1. At all times material:

    (a) The Internal Revenue Service ("IRS") provided that taxpayers who were entitled to a refund of federal individual income taxes could claim that refund either by signing and filing in person or by mailing a U.S. Individual Income Tax Return Form 1040, 1040A, 1040EZ (collectively referred to hereinafter as "Form 1040"), or by participating in the "Electronic Filing" program.

    (b) Form 1040 required taxpayers to provide information which included, but was not limited to, the taxpayer's name and address, social security number, number of dependants, total income for the tax year, the amount of federal income tax withheld during the tax year, the amount of federal income tax, and the amount of tax due or refund claimed.

    (c) Taxpayers were permitted to deduct from their taxable income certain of their expenses, including but not limited to, expenses related to medical treatment, interest paid on home mortgage loans, charitable contributions, state and local taxes, and unreimbursed business expenses. Any such deductions claimed were to be set forth in a Schedule A which is included with the taxpayer's Form 1040.

(d) The IRS relied upon information from the Form 1040, including but not limited to the Schedule A, in determining and issuing taxpayer refunds. After receiving this information, the IRS would issue a refund to the taxpayer if there were no outstanding tax liabilities or other federally authorized deductions on record with the IRS.

(e) Between 2003 and 2006, defendant GREGORY B. SAMS presented himself as an income tax preparer associated with the tax business operation known as GBS & Associates, located at 1555 N. Naperville Wheaton Road, Naperville, Illinois (the "tax business"). Defendant's services included preparing federal income tax returns and filing those returns on behalf of individual taxpayers in return for a fee of approximately $125 – $275 per return.

2. While preparing federal income tax returns at the tax business, defendant GREGORY B. SAMS held himself out to clients as a person trained in and knowledgeable about the preparation and filing of federal income tax returns.

3. For tax years 2002 through 2005, GREGORY B. SAMS prepared approximately 224 returns on behalf of approximately 131 separate clients in which each of the prepared returns claimed a refund from the United States Treasury.

4. On at least 32 occasions, defendant GREGORY SAMS, prepared a copy of the taxpayers' returns, gave a copy of the completed returns to his clients, and advised these clients that he would file the returns for them. In each instance, unbeknownst to his clients and prior to the submission of the returns to the IRS, the defendant GREGORY B. SAMS altered each of the client's federal income tax returns to fraudulently increase the amount of Schedule A deductions in order to inflate the amounts of refunds paid by the IRS. On each of those returns, GREGORY B. SAMS knowingly caused false, fictitious, and fraudulent deductions to be claimed, including false charitable contributions and unreimbursed job expenses, which he then filed with the IRS. On each of those

altered returns, GREGORY B. SAMS without his client's knowledge, also re-directed the IRS to electronically deposit the clients' refunds into the tax business bank account. Upon receipt of the refunds, GREGORY B. SAMS deposited into his clients' bank accounts a portion of the refunds he received, in an amount consistent with those claimed on the Form 1040 GREGORY B. SAMS originally provided to his clients.

5. Between approximately June 2003 and April 2006, the IRS electronically deposited refunds in the amount of approximately $1,463,191 into the tax business bank account. Thereafter, GREGORY B. SAMS unbeknownst to his clients, retained approximately $458,037 of these refunds, which was an amount equal to the falsely inflated refund claims, and deposited the balance into his clients' accounts.

6 The false refunds claimed by defendant GREGORY B. SAMS on behalf of his clients resulted in a tax loss to the United States Treasury of approximately $458,037.

7 On or about March 24, 2004, in the Northern District of Illinois, Eastern Division,

GREGORY B. SAMS,

defendant herein, knowing such claim was false, fictitious and fraudulent, made and presented and caused to be presented to the IRS, an agency of the United States Department of the Treasury, a claim upon and against the IRS, namely an electronically filed individual income tax return in the name of Taxpayer AB claiming a federal income tax refund of approximately $18,550, for tax year 2003 based upon a false and inflated charitable contribution deduction and false and inflated unreimbursed business expense deduction;

In violation of Title 18, United States Code, Section 287.

## COUNT TWO

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

At all times material to this information:

1. Paragraphs 1 through 6 of Count One are realleged as if fully restated herein.

2. On or about March 4, 2004, in the Northern District of Illinois, Eastern Division,

GREGORY B. SAMS,

defendant herein, knowing such claim was false, fictitious and fraudulent, made and presented and caused to be presented to the IRS, an agency of the United States Department of the Treasury, a claim upon and against the IRS, namely an electronically filed individual income tax return in the name of Taxpayer PB claiming a federal income tax refund of approximately $7,012, for tax year 2003 based upon a false and inflated charitable contribution deduction and false and inflated unreimbursed business expense deduction;

In violation of Title 18, United States Code, Section 287.

## COUNT THREE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

At all times material to this information:

1. Paragraphs 1 through 6 of Count One are realleged as if fully restated herein.

2. On or about March 14, 2004, in the Northern District of Illinois, Eastern Division,

GREGORY B. SAMS,

defendant herein, knowing such claim was false, fictitious and fraudulent, made and presented and caused to be presented to the IRS, an agency of the United States Department of the Treasury, a claim upon and against the IRS, namely an individual income tax return in the name of Taxpayer GC claiming a federal income tax refund of approximately $8,231, for tax year 2003 based upon a false and inflated charitable contribution deduction and false and inflated unreimbursed business expense deduction;

In violation of Title 18, United States Code, Section 287.

## COUNT FOUR

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

At all times material to this information:

1. Paragraphs 1 through 6 of Count One are realleged as if fully restated herein.

2. On or about March 29, 2004, in the Northern District of Illinois, Eastern Division,

### GREGORY B. SAMS,

defendant herein, knowing such claim was false, fictitious and fraudulent, made and presented and caused to be presented to the IRS, an agency of the United States Department of the Treasury, a claim upon and against the IRS, namely an electronically filed individual income tax return in the name of Taxpayer BH claiming a federal income tax refund of approximately $6,575, for tax year 2003 based upon a false and inflated unreimbursed business expense deduction;

In violation of Title 18, United States Code, Section 287.

## COUNT FIVE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

At all times material to this information:

1. Paragraphs 1 through 6 of Count One are realleged as if fully restated herein.

2. On or about February 26, 2005, in the Northern District of Illinois, Eastern Division,

GREGORY B. SAMS,

defendant herein, knowing such claim was false, fictitious and fraudulent, made and presented and caused to be presented to the IRS, an agency of the United States Department of the Treasury, a claim upon and against the IRS, namely an individual income tax return in the name of Taxpayer GC claiming a federal income tax refund of approximately $10,079, for tax year 2004 based upon a false and inflated charitable contribution deduction;

In violation of Title 18, United States Code, Section 287.

## COUNT SIX

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

At all times material to this information:

1. Paragraphs 1 through 6 of Count One are realleged as if fully restated herein.

2. On or about March 9, 2005, in the Northern District of Illinois, Eastern Division,

GREGORY B. SAMS,

defendant herein, knowing such claim was false, fictitious and fraudulent, made and presented and caused to be presented to the IRS, an agency of the United States Department of the Treasury, a claim upon and against the IRS, namely an electronically filed individual income tax return in the name of Taxpayer PG claiming a federal income tax refund of approximately $15,720, for tax year 2004 based upon a false and inflated charitable contribution deduction;

In violation of Title 18, United States Code, Section 287.

## COUNT SEVEN

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

At all times material to this information:

1. Paragraphs 1 through 6 of Count One are realleged as if fully restated herein.

2. On or about March 13, 2005, in the Northern District of Illinois, Eastern Division,

### GREGORY B. SAMS,

defendant herein, knowing such claim was false, fictitious and fraudulent, made and presented and caused to be presented to the IRS, an agency of the United States Department of the Treasury, a claim upon and against the IRS, namely an individual income tax return in the name of Taxpayer JB claiming a federal income tax refund of approximately $6,859, for tax year 2004 based upon a false and inflated charitable contribution deduction and false and inflated unreimbursed business expense deduction;

In violation of Title 18, United States Code, Section 287.

## **COUNT EIGHT**

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

At all times material to this information:

1. Paragraphs 1 through 6 of Count One are realleged as if fully restated herein.

2. On or about March 15, 2005, in the Northern District of Illinois, Eastern Division,

### GREGORY B. SAMS,

defendant herein, knowing such claim was false, fictitious and fraudulent, made and presented and caused to be presented to the IRS, an agency of the United States Department of the Treasury, a claim upon and against the IRS, namely an individual income tax return in the name of Taxpayer RA claiming a federal income tax refund of approximately $7,234, for tax year 2004 based upon a false and inflated charitable contribution deduction and false and inflated unreimbursed business expense deduction;

In violation of Title 18, United States Code, Section 287.

## COUNT NINE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

At all times material to this information:

1. Paragraphs 1 through 6 of Count One are realleged as if fully restated herein.

2. On or about March 15, 2005, in the Northern District of Illinois, Eastern Division,

GREGORY B. SAMS,

defendant herein, knowing such claim was false, fictitious and fraudulent, made and presented and caused to be presented to the IRS, an agency of the United States Department of the Treasury, a claim upon and against the IRS, namely an individual income tax return in the name of Taxpayer JW claiming a federal income tax refund of approximately $8,589, for tax year 2004 based upon a false and inflated business expense deduction;

In violation of Title 18, United States Code, Section 287.

## COUNT TEN

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

At all times material to this information:

1. Paragraphs 1 through 6 of Count One are realleged as if fully restated herein.

2. On or about April 10, 2005, in the Northern District of Illinois, Eastern Division,

GREGORY B. SAMS,

defendant herein, knowing such claim was false, fictitious and fraudulent, made and presented and caused to be presented to the IRS, an agency of the United States Department of the Treasury, a claim upon and against the IRS, namely an electronically filed individual income tax return in the name of Taxpayer KB claiming a federal income tax refund of approximately $5,595, for tax year 2004 based upon a false and inflated charitable contribution deduction and false and inflated unreimbursed business expense deduction;

In violation of Title 18, United States Code, Section 287.

## **COUNT ELEVEN**

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

On or about October 13, 2005, at Naperville, and elsewhere in the Northern District of Illinois, Eastern Division,

### GREGORY B. SAMS,

defendant herein, a resident of Naperville, Illinois, willfully made and subscribed, and caused to be made and subscribed, a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2003, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that said return reported on Line 22 that the total income was $124, whereas the defendant then and there well knew and believed that his income exceeded $124, in that defendant failed to include additional income of approximately $42,189 he received in 2003 from refunds he obtained from the United States Treasury in the name of clients of his tax preparation business, GBS & Associates.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWELVE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

On or about October 13, 2005, at Naperville, and elsewhere in the Northern District of Illinois, Eastern Division,

GREGORY B. SAMS,

defendant herein, a resident of Naperville, Illinois, willfully made and subscribed, and caused to be made and subscribed, a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2004, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that said return reported on Line 22 that the total income was $24, whereas the defendant then and there well knew and believed that his income exceeded $24, in that defendant failed to include additional income of approximately $118,787 he received in 2004 from refunds he obtained from the United States Treasury in the name of clients of his tax preparation business, GBS & Associates.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT THIRTEEN

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

During calendar year 2005, in the Northern District of Illinois,

GREGORY B. SAMS,

defendant herein, a resident of Naperville, Illinois, had and received gross income of approximately $203,486; by reason of such gross income he was required by law, following the close of the calendar year 2005 and on or before April 17, 2006, to make an individual income tax return to the Director of the Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Chicago, at Chicago, in the Northern District of Illinois, or to any other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; well knowing all the foregoing facts, he willfully did fail to make an income tax return to said Director of the Internal Revenue Service Center, to said District Director of the Internal Revenue Service, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY

15