IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) 08-CR-126-1 |
| GREGORY SAMS, | ) |
| | ) Judge Conlon |
| Defendant | ) |

## SENTENCING MEMORANDUM

Pursuant to Gall vs. United States, 128 S.Ct. 586, 596 (2007) (Gall), and 18 U.S.C. §3553(a), defendant Gregory Sams, by his attorney, respectfully requests that the Court grant a sentence below the applicable discretionary guideline range or, in the alternative, at the low end of the guideline range. Defendant further requests the court recommend that he be admitted to the Bureau of Prisons Drug and Alcohol Program.

**I. Legal Standard**

The "starting point and the initial benchmark" of any sentencing should always be to calculate the applicable Guideline range. Gall, 128 S.Ct. at 596. However, the Guidelines are "not the only consideration" - a district judge should then "consider all of the factors [listed in 18 U.S.C § 3553(a)] to determine whether they support a sentence requested by a party." Gall, 128 S.Ct. at 596. The judge "may not presume that the Guidelines range is reasonable." Gall, 128 S.Ct. at 597.

However, "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." Gall, 128 S.Ct. at 594. A sentence departing downward from the

guidelines to impose no or only nominal imprisonment "can be justified only by a careful impartial weighing of the statutory sentencing factors." <u>United States vs. McIlrath, 512 F.3d 421, 426 (7th Cir.2008)</u> (quoting <u>United States vs. Goldberg, 491 F.3d 668, 673 (7th Cir.2007)</u>). That said, the Supreme Court has held that requiring "extraordinary circumstances" to justify a sentence outside the Guidelines range or mandating the use of "a rigid mathematical formula" comes "too close to creating an impermissible presumption of unreasonableness for sentences outside the Guideline range." <u>Gall, 128 S.Ct. at 595</u>.

  Section 3553(a) instructs a court to impose a sentence that is sufficient, but not greater than what is necessary, to comply with several statutory purposes including: the nature and circumstances of the offense, the history and characteristics of defendant, the need for the sentence imposed, and the need to avoid unwarranted sentencing disparities. Further, as the Supreme Court has emphasized, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." <u>United States vs. Booker</u>, 543 U.S. 220 (2005). Thus, this Court must consider factors which the Guidelines discourage, limit, or even reject outright.

  Both the Supreme Court and the Seventh Circuit authorize this Court to impose a sentence below the advisory guideline range as long as the sentence conforms with factors set out in § 3553(a). Indeed, the Seventh Circuit has held that the sentencing judge "cannot treat all sentences that would fall within the guidelines sentencing range as reasonable per se," <u>Cunningham</u>, 429 F.3d at 676, and will scrutinize a district court's

2

refusal to grant a reduction below the advisory guideline.  United States v. Vaughn, 433 F.3d 917, 924 (7th Cir. 2006).

**II. The Advisory Guidelines Range**

Taking into account the Presentence Report, the guidelines offense level is 22. Gregory's criminal history places him at category VI.  Under the 2007 Federal Sentencing Guidelines the resulting advisory sentencing range is 63 to 78 months.

Application Note 19(c) to §2B1.1 of the 2007 Guidelines recognizes that there may be cases where the guideline "substantially overstates the seriousness of the offense."  Whether the Guideline term of a "downward departure" or the Section 3553(a)(1) terms of "the nature and circumstances of the offense" is used, the conclusion is the same.  Accordingly, Gregory proposes that a lesser sentence would more accurately reflect the nature and circumstances of his crime.

**III.    A Sentence of 36 Months Imprisonment Satisfies the Goals of Punishment Under § 3553.**

A.  The Guidelines Fail to Properly Weigh § 3553(a) Considerations Relevant to Gregory's Case

After so many years of operating under the mandatory guidelines regime, it is easy to think that a sentence within the Guidelines range must take into account all the necessary factors, on the assumption that the Sentencing Commission, with all its resources, must have devised a comprehensive approach.  The historical sources, and Justices Stevens, Ginsberg and Breyer, say otherwise.

Back when the Sentencing Reform Act of 1984 was enacted, Congress expected the Commission to consider all four statutory purposes – retribution, general deterrence, specific deterrence and rehabilitation – in developing the guidelines, and that judges

3

would then decide what impact, if any, each purpose should have on the sentence in each case. See S. Rep. No. 98-225, 98th Cong. 1st Sess. 59, 77 (1984). In the area of how to assess mitigating offender characteristics, as Justices Stevens and Ginsburg explicitly noted in Rita v. United States, 127 S.Ct. 2456, at 2473, the Sentencing Commission has promulgated no standards or recommendations for individuals' characteristics because they are "not ordinarily considered under the Guidelines," noting Justice Breyer's admission in his 1988 article (S.Breyer, *The Federal Sentencing Guidelines and the Key Compromises Upon Which They Rest,* 17 Hofstra L. Rev. 1, 19 (1988)) that the only offender characteristic is the aggravating one of criminal history.

The point is not that the Guidelines sentencing range is meaningless; Congress commands in §3553(a)(4)(A) that it be considered. Rather, as the Supreme Court noted explicitly in Rita, 127 S.Ct. at 2465 (2007), the District Court "may hear arguments by prosecution or defense that the Guidelines sentence should not apply" when, "the Guidelines sentence itself fails to properly reflect §3553(a) considerations." That is precisely the situation in Gregory 's case where there is quite a bit more to be considered.

B.  Consideration of the §3553(a) Factors Counsels a Significant Reduction in the Sentence

Perhaps the Seventh Circuit has stated it best:

> The judge is not required – or indeed permitted [citation omitted] – to "presume" that a sentence within the guidelines range is the correct sentence and if he wants to depart give a reason why it's not correct. All he has to do is consider the guidelines and make sure that the sentence he gives is within the statutory range and consistent with the sentencing factors listed in 18 U.S.C. §3553(a). [T]he applicable guideline range nudges him toward the sentencing range, but his freedom to impose a reasonable sentence outside the range is unfettered. United States vs. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006).

Here, a comparison of the particulars of Gregory's case and the §3553(a) factors confirms that a 36 month period of incarceration is an appropriate punishment in this case.

C.  <u>Gregory's History, Characteristics, and the Circumstances of this Offense Warrant a Sentence Below the Guideline Range.</u>

Much of Gregory 's history and characteristics are unquestionably worthy of praise.  The proof of that praiseworthy background is found in the scores of detailed letters submitted by persons acquainted with Gregory from every era of his 37 years.

In <u>Koon vs. United States, 518 U.S. 81, 113 (1996)</u>, the Supreme Court acknowledged that "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Judge Rakoff captured the idea of §3553(a)(1) in <u>United States vs. Adelson, 441 F.Supp. 2d 506, 514 (S.D.N.Y. 2006)</u>: "Surely, if ever a man is to receive credit for the good he has done, and his misconduct assessed in relation to his life overall, it should be at this moment of sentencing, when his future hangs in the balance."

Gregory Sams is a bright and thoughtful 37 year-old man who is greatly devoted to his family and friends.  Indeed, many of Gregory's family and friends have written on his behalf.  He has been described as a warm, personable and gentle person with strong family and religious values.  Almost every letter mentions how dedicated he is to the community.

5

Specifically, Caroline Walker writes that Gregory is a religious man who cares for his family and friends before all else. She goes on to say that he is a "positive mentor" to teenagers in need of a "positive influence." He has conducted group sessions with teens looking for a way out of trouble. Moreover, he is an "emotional rock" for his family and friends. See letter of Caroline Walker. Similarly, Jeff and Lynne Moore note that Gregory will do anything to help a family member or friend. They go on to explain how he participates in a number of outreach programs. By way of example they comment on his going back to Dunbar, his old high school, to speak on the importance of education, as well as his work with Teen Challenge, a program that helps young men at risk for criminal behavior. Both find him, an individual, they describe as "selfless." See letter of Jeff and Lynne Moore. Theses sentiments are echoed by Reginald Summerrise, president of Le Penseur Youth and Family Services, Inc. who wrote how Gregory works tirelessly with his agency by serving his clients with love and compassion.

Further, Gregory has truly learned and grown from this experience of being convicted of a federal tax charge. For example, Will O. Cobbs expressed that Gregory "had a desire to make others happy, his friends and enemies alike." That this desire may have caused "this horrible mistake" which has placed him as a defendant before the court. See letter of Will O. Cobbs. His positive work in the community is further reflected in the letters of Stuart Adams, who states "Mr. Sams gives back to the community, not just money but his time." He has given blankets to the homeless and assisted in the homeless shelter. His is active in his church mentoring many of the parishioners. See letter of Stuart D. Adams. Gregory's work with the homeless is further noted by Deanna Sammons, a board member at Jordan's Dream. She tells of Gregory's work as a

counselor and mentor to many of the shelter clients. How Gregory has spent countless hours assisting individuals work through emotional issues, family crisis and financial hardships. She goes on to say how he is not just a volunteer, but that he truly makes a difference. "Young and old alike accept his guidance and believe him because he believes in them." See letter of Deanna Sammons.

     D.    <u>Public Needs and Institutional Concerns Support the Imposition of a Sentence of 36 Months Incarceration.</u>

A sentence of 36 months imprisonment will also satisfy the needs of the public, which include the need to protect the public, to afford adequate deterrence, and to promote respect for the law. See §3553(a)(2)(A), (a)(2)(B), and (a)(2)(C).

The needs of the public are not supported by sentencing Gregory to a long period of incarceration. Gregory is a young man with great potential in life.

A period of 36 months imprisonment is sufficient, but not greater than necessary, to deter future criminal conduct. Studies conducted by the Sentencing Commission on recidivism rates show that only 13.3 % of offenders between 35-40 years old, commit new crimes within 2 years of release.[1]

Further, recidivism rates decrease as education level increases. Gregory has 132 credit hours of a college education, having attended Morehouse College. He was awarded a bachelor of arts degree in May of 1993. See PSR, p. 10, line 290-293.

Finally, as discussed above, Gregory has a tremendous support system in place that will be eagerly awaiting his release from prison. This support system as well as the

---

[1] United States Sentencing Commission, Research Series on the Recidivism of Federal Guidelines Offenders Release 1, "Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines," at 12 and Exh. 9, (2004) ("Measuring Recidivism"), *available at* http://www.ussc.gov/publicat/Recidivism_General.pdf.

employment he will likely have lined up upon his release, will ensure that Gregory leads a crime-free life in the future. In sum, a term of imprisonment beyond 36 months is not necessary to prevent Gregory from committing future crimes, as his age, education and circumstances indicate that he is not in a risk category for recidivism.

A long term of incarceration is also not necessary to promote respect for the law in the instant case. Gregory's actions, including the fact that he has never missed a court date, has stayed in close contact with his Pretrial Services officer, demonstrate that he has a deep respect for the law. In addition, the embarrassment and disappointment Gregory feels for being arrested and convicted of a federal crime also gives him a deep respect for the law.

Gregory has expressed remorse and regret for his actions, and his life has been irrevocably altered. This life change, the guilt he feels on a constant basis, the separation from his family members, and the damage done to his life are tremendous punishment already. A term of imprisonment below that recommended by the guidelines would be sufficient to deter both Gregory and other individuals from taking such actions in the future.

## **CONCLUSION**

The Court should accept Gregory's arguments and sentence him to 36 months imprisonment, in accordance with the principles outlined in this submission to the Court. Gregory appreciates the Court's attention to this matter.

                                          Respectfully Submitted:

                                          s/      James I. Marcus_____
                                                        James I. Marcus

James I. Marcus
Dziedziak & Marcus, PC.
100 West Monroe Street
Chicago, Illinois 60603
(312)443-5600